UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STANDARD BUILDING CO., INC.  CIVIL ACTION NO. 09-cv-0103
OF GEORGIA

VERSUS  JUDGE HICKS

LOUISIANA RIVERWALK, LLC,  MAGISTRATE JUDGE HORNSBY
ET AL

## REPORT AND RECOMMENDATION

Standard Building Co., Inc. of Georgia ("Plaintiff") filed this action against two defendants based on an assertion of diversity jurisdiction. Plaintiff alleges that it is a Georgia corporation with its principal place of business in Georgia. With respect to the two LLC defendants, Plaintiff alleges their states of organization and principal places of business, but the citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).

The court has an independent duty to ascertain that it has subject matter jurisdiction over a civil action. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). "There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).

In accordance with its duty, the court issued an order (Doc. 5) that explained to Plaintiff the rules for alleging citizenship when an LLC is a party. The court directed

Plaintiff to file an amended complaint to plead with specificity the citizenship of the two defendants. The court noted that neither defendant had appeared as of that time, so it was not likely that Plaintiff would have ready access to the membership information. The court noted that such information is ordinarily furnished voluntarily by the LLC parties in similar situations but, if either defendant did not furnish the information voluntarily, Plaintiff was granted leave to conduct discovery on the citizenship issues, commencing with the appearance of a defendant. The order stated that Plaintiff would be permitted 45 days from the appearance of a defendant to gather the citizenship information and file an amended complaint to state with specificity the citizenship of the relevant parties.

Both LLC defendants later filed an answer (Doc. 6), but they did not set forth any additional information about their membership or the citizenship of the members. The court issued a minute entry the next day that reminded Plaintiff of the requirements of the earlier memorandum order and the 45-day deadline to gather citizenship information and file an amended complaint. Doc. 7

Plaintiff's 45-day deadline expired in August 2009. More than five months have passed since Plaintiff's deadline expired, but nothing has been filed in the record since the court issued the reminder minute-entry. Plaintiff has not amended its complaint to satisfy its burden of establishing a basis for subject-matter jurisdiction, and it has not sought an extension of time to do so. Despite more than ample opportunity, Plaintiff has failed to rebut the presumption against subject matter jurisdiction.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of January, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE